NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 21, 2012[*]
Decided March 21, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 11-3755

| | |
|---|---|
| JAMIE D. JARDINE and ERICK DARRINGTON, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *Plaintiffs-Appellants,* | |
| | No. 09-CV-1114 |
| *v.* | |
| | J.P. Stadtmueller, |
| ALFONSO GRAHAM, et al. | *Judge.* |
| *Defendants-Appellees.* | |

**O R D E R**

Wisconsin inmates Jamie Jardine and Erick Darrington appeal from the summary judgment against them in their suit under 42 U.S.C. § 1983 challenging parole procedures on due process and ex post facto grounds. We affirm.

Jardine is serving a 60-year sentence for an attempted intentional homicide and four sexual assaults he committed in 1993. Darrington is serving a 30-year sentence for crimes

---

[*] After examining the submissions and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

committed in 1995: armed robbery, theft, and criminal damage to property. Both have served more than one-fourth of their respective sentences and thus are eligible for discretionary parole, *see* WIS. STAT. § 304.06, but neither has served enough time to be eligible for mandatory or "presumptive mandatory release"—release that the state parole commission can deny only in certain enumerated circumstances. Jardine's only parole denial occurred in 2008. Darrington has been denied for parole five times, most recently in 2010. Both were denied discretionary parole on the grounds that they had not served "sufficient time for punishment" and had not completed particular treatment programs. *See* WIS. ADMIN. CODE PAC § 1.06(9)(b), (e) (2000).

Jardine and Darrington brought this suit for declaratory and injunctive relief against certain Wisconsin parole commission members and the Secretary of the Wisconsin Department of Corrections, claiming that the defendants violated (1) due process by refusing to give their parole "meaningful" consideration and (2) the ex post facto clause by "secret[ly]" changing parole standards to, in effect, extend their prison terms. At screening, *see* 28 U.S.C. § 1915A, the district court dismissed the due-process claim because the plaintiffs had no constitutionally protected liberty interest in discretionary parole. The court did allow the plaintiffs to proceed on their ex post facto claim, but cautioned them that they would "not have an easy time proving" any violation; the court further advised them that their proof would have to include statistical data showing how the commission's policy changes threatened to retroactively extend their time in prison.

The plaintiffs sought reconsideration of that dismissal, and in doing so asserted for the first time that they had a protected liberty interest in parole under WIS. STAT. § 304.06(1r) (1993–94), which requires the commission to parole any prisoner who completes certain educational programs upon serving one-fourth of their sentences, "unless there are overriding considerations not to do so." The district court, without discussing § 304.06(1r) specifically, denied the motion because it failed to identify a protected liberty interest.

The plaintiffs subsequently moved for summary judgment on the ex post facto claim based on materials which, they believed, showed that the Wisconsin Department of Corrections, at the direction of then-Governor Tommy Thompson and then-Secretary of the Department of Corrections Michael Sullivan, adopted a "secret" policy effectively abolishing discretionary parole. In support, the plaintiffs submitted the following materials: (1) a letter, written in 1994 from Governor Thompson to Sullivan, expressing his desire to end mandatory parole for violent offenders, (2) a 1994 letter from Sullivan to Thompson, stating that sex offenders would be released only on mandatory release, and (3) statistics showing a significant decrease in parole grants from 1994 to 2007.

The defendants countered with their own motion for summary judgment, which the district judge granted. The court agreed with the defendants that the plaintiffs failed to

produce statistics showing that the new parole laws created a sufficient risk of increasing the length of the plaintiffs' prison sentences.

On appeal the plaintiffs first target the dismissal of their due-process claim and reassert generally that they were denied "meaningful" parole consideration. But the plaintiffs do not have a protected liberty interest in discretionary parole, s*ee Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006), and so they cannot plausibly allege a deprivation of due process.

The plaintiffs next repeat the argument they raised in their motion for reconsideration—that WIS. STAT. § 304.06(1r)(a) (1993–94) creates a protected liberty interest in parole. But the plaintiffs waived this argument by raising it for the first time in their motion for reconsideration. *See United States v. Mungo*, 355 F.3d 969, 978 (7th Cir. 2004).

Finally the plaintiffs maintain that the defendants violated the ex post facto clause when the they enforced a secret directive from Governor Thompson and Secretary Sullivan to effectively abolish discretionary parole by arbitrarily ruling that all parole-eligible prisoners will be denied parole because none of them have served "sufficient time for punishment." *See* WIS. ADMIN. CODE PAC § 1.06(9)(b) (2000). As the district court correctly determined, however, the plaintiffs needed to produce statistical evidence showing that any changes in the law posed a substantial risk of lengthening their own sentences, *see Glascoe v. Bezy*, 421 F.3d 543, 547–48 (7th Cir. 2005). Not only have the plaintiffs failed to provide statistical evidence that *denials* of parole have increased (the number of paroles granted has decreased, but this may simply reflect that fewer prisoners are eligible for parole), they provide data only from June 2007 and before, even though all but one of the parole denials they challenge occurred after June 2007.

The plaintiffs' remaining claims—that the commission improperly added a new criteria to parole reviews, that it improperly deferred the plaintiffs' next parole hearings, and that its actions violate the Ninth Amendment—are frivolous and warrant no discussion.

AFFIRMED.